MARY CONNICK AND JOSEPH CONNICK, PLAINTIFFS-RESPONDENTS, v. JOHN F. CRAIG, INCORPORATED, DEFENDANT-APPELLANT.

Submitted October 11, 1929—Decided March 19, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the appellant, *Collins & Corbin* (*Edward A. Markley,* of counsel).

For the respondents, *McCarthy & McTague* (*Frank P. McCarthy,* of counsel).

PER CURIAM.

This is an appeal from the Hudson County Court of Common Pleas where the plaintiffs had a verdict and judgment

against the defendant, John F. Craig, Incorporated, a non-suit having been granted as to the other defendants.

At the trial it appeared that plaintiffs were the tenants of defendants Lehmans. The Lehmans by written contract employed defendant, John F. Craig, Incorporated, to install a heating system on the premises. The Craig company removed the flooring of the kitchen, for the purpose of laying pipes, by cutting the tongues and grooves and sawing along the beam and taking up four boards. In re-laying this flooring the evidence indicates that the work was done negligently, although the company's foreman tried the boards after they had been relaid and assured Mrs. Connick that they were all right for use. Mrs. Connick undertook to use the floor for passage from the kitchen to the dining room, when the boards gave way and she went through and injured her leg, and this suit was brought to recover for such injuries.

The evidence indicates that the flooring, as we have indicated, was not properly replaced. The old boards were used and were rested upon cleats supposed to be fastened to the beam, and the flooring gave way because the cleats placed by the company's workman on the beam had pulled away from the beam, not being properly fastened. There was expert testimony at the trial that this was bad workmanship.

We believe that the evidence supports the allegation of negligence on the part of the Craig company and that such negligence was the proximate cause of the accident. That being so the motions for nonsuit and for a direction of a verdict for the defendant Craig company were properly denied.

It is also argued that the plaintiffs cannot recover because the negligence was that of an independent contractor. But in *Sarno* v. *Gulf Refining Co.,* 99 *N. J. L.* 340; *affirmed,* 102 *Id.* 223, it was said:

"The rule is now finally established that where the owner of lands undertakes to do work, which in the ordinary mode of doing it is a nuisance, he is liable for any injury which may result from it to third persons, though the work is done by a contractor exercising an independent employment, and employing his own servants; but when the work is not in

itself a nuisance, and the injury results from the negligence of such contractor or his servants in the execution of it, the contractor alone is liable, unless the owner is in default in employing an unskillful or improper person as the contractor."

The application of that rule to the present case results in an affirmance of the judgment, with costs, and it is so ordered.